UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN HINES,

      Plaintiff,

v.                                                                          Case No. 25-cv-12184
                                                                            HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al,

      Defendants.

_____/

**OPINION AND ORDER DISMISSING COMPLAINT (Dkt. 1) WITHOUT PREJUDICE AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT**

Plaintiff Devin Hines, presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. The Court grants Hines thirty (30) days from the date of this order to file an amended complaint naming the correct defendants.

## I. BACKGROUND

Hines has filed suit against the Michigan Department of Corrections (MDOC), Acting Warden M. Desco, and Correctional Officer Unknown Jansen. In Hines's complaint, he alleges that on December 27, 2024, while incarcerated at the St. Louis Correctional Facility, he began experiencing dizzy spells and passed out in his cell. Although Hines was able to push the panic button several times, staff members did not immediately come to assist him. Hines alleges that he injured his hand when he passed out. Help was eventually provided for Hines and he was seen by medical staff. X-Rays determined that he did not have any broken bones and he was given steroid shots for his injured hand. Hines, however, claims that prison medical staff have not provided him

with a nerve test to determine whether there has been any nerve damage to his hand.  Hines seeks monetary relief.

## II.  LEGAL STANDARD

Hines has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).   However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The Court may dismiss a case on its own if the complaint lacks an arguable basis when filed. McGore, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. Bloch v. Ribar, 156 F. 3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

### III.  ANALYSIS

#### A.  MDOC Dismissal

The complaint must be dismissed against the MDOC because it is not a "person" subject to suit under 42 U.S.C. § 1983.  Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013) ("We have consistently held that neither the MDOC nor the parole board is a 'person' that may be sued for money damages under § 1983.").  The MDOC has not consented to suit, nor has Congress abrogated the MDOC's immunity, and, therefore, the MDOC is immune from suit under the Eleventh Amendment.  Id., (explaining that suit against the MDOC is barred by the Eleventh Amendment unless the state has consented to the filing of such suit or Congress has expressly abrogated Eleventh Amendment immunity).  Hines's lawsuit against the MDOC is dismissed.

#### B.  Warden Desco Dismissal

The complaint must be dismissed against Defendant Desco, the acting warden at the St. Louis Correctional Facility, because Hines failed to allege any personal involvement on Desco's part as to the alleged unconstitutional deprivation.  A supervisory official like Desco cannot be held liable under § 1983 for the misconduct of officials whom the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002) (punctuation modified).  A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of

3

the offending officers." Id. "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." Id. (punctuation modified).

Warden Desco is not liable under § 1983 in his supervisory capacity for the alleged violation of Hines's rights, because Hines failed to allege that Desco committed any of these acts or acquiesced in the other parties' conduct. See Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008).

**C. Jansen Dismissal**

Defendant Jansen is dismissed because Hines failed to allege any personal involvement by Jansen in the alleged deprivation of Hines's rights. A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–692 (1978) (explaining that § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); see also, Taylor v. Mich. Dep't of Corr., 69 F.3d 716, 727–728 (6th Cir. 1995) (holding that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. See Hall v. United States, 704 F.2d 246, 251 (6th Cir. 1983).

Hines does not allege that Jansen was responsible for failing to provide for his medical care at the St. Louis Correctional Facility. Hines's medical care allegations against Jansen are subject to dismissal because he has failed to allege or show that this defendant had any personal involvement in his medical treatment nor has Hines alleged that Jansen was aware that prison officials had failed to provide medical care to Hines during his incarceration. See Tate v. Lowery, 73 F. App'x 866, 868 (6th Cir. 2003).

4

**D. Thirty Days to File Amended Complaint**

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires."  A district court can allow an inmate to amend his complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and in forma pauperis (IFP) suits.  See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).  The Court grants Hines thirty (30) days from the date of this order to file an amended complaint naming the appropriate defendants who were involved with the alleged deprivation of his constitutional rights.

## IV.  CONCLUSION

The Court dismisses the complaint for failing to state a claim upon which relief can be granted.  The dismissal is without prejudice to Hines filing an amended complaint within thirty (30) days of this order naming the appropriate defendants.

**SO ORDERED.**

Dated: April 16, 2026                                      s/Mark A. Goldsmith
Detroit, Michigan                                          MARK A. GOLDSMITH
                                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2026.

                                                           s/Joseph Heacox
                                                           JOSEPH HEACOX
                                                           Case Manager

5